JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Larry Johnson brings this appeal of his guilty plea. After a thorough review of the record, and for the reasons set forth below, we reverse and remand.
 {¶ 2} On June 30, 2008, appellant pleaded guilty to one count of rape in violation of R.C. 2907.02 A(1)(b), a first degree felony, with a sexual violent predator specification.[1] On that same day, the trial court sentenced appellant to ten years to life in prison, and appellant was classified a Tier III sex offender.
 {¶ 3} On August 1, 2008, appellant filed a notice of appeal, arguing that his plea was invalid because the trial court did not comply with Crim. R. 11. He raises two assignments of error for our review.
 Validity of Plea {¶ 4} "I. Mr. Johnson's guilty plea must be vacated because the trial court failed to advise him of the fine that could be imposed pursuant to his guilty plea."
 {¶ 5} Appellant argues that during the plea colloquy, the trial court did not advise him that, in addition to prison, it could impose a fine up to $20,000 as part of his sentence. He argues that this omission renders his plea invalid. Although the state concedes this error, we engage in our own analysis. *Page 4 
 {¶ 6} Crim. R. 11 (C), which deals with a trial court's acceptance of a plea of guilty to a felony offense, provides: "*** (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 {¶ 7} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 8} "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence. ***"
 {¶ 9} In order to comply with Crim. R. 11(C), a trial court must determine whether the defendant fully comprehends the consequences of his guilty plea. Such a determination is made through an oral dialogue between the trial court and the defendant who is entering the plea.
 {¶ 10} "Adherence to the provisions of Crim. R. 11(C)(2) requires an oral dialogue between the trial court and the defendant which enables the court to determine fully the defendant's understanding of the consequences of his plea of guilty or no contest." State v. Caudill
(1976), 48 Ohio St.2d 342, 358 N.E.2d 601, paragraph two of the syllabus. In addition, the Ohio Supreme Court has established that a trial court, in accepting a plea of guilty, need only *Page 5 
substantially comply with the mandates of Crim. R. 11(C)(2)(a) and (b).State v. Stewart (1977), 51 Ohio St.2d 86, 92, 364 N.E.2d 1163.
 {¶ 11} "[I]n order to inform the defendant of the effect of his guilty plea under Crim. R. 11, the court must inform the defendant of the possible sentences faced." State v. Hlinovsky, Belmont App. No. 99 BA 65, 2001-Ohio-3247. A "failure to comply with the requirements of Crim. R. 11 is plain error." Id. In State v. Higgs (1997),123 Ohio App.3d 400, 704 N.E.2d 308, the court held that "the trial court must advise the defendant of the maximum possible penalty for the charged offense." The Higgs court held the plea invalid because the trial court incorrectly stated the potential maximum prison term and completely failed to mention that a possible fine of $7,500 could be imposed upon sentencing. Id.
 {¶ 12} Upon review of the transcript in this case, we find the trial court failed to mention anything about a possible fine. Thus, we find that the trial court did not comply, even substantially, with Crim. R. 11(C) since it failed to advise appellant of the maximum possible penalty for the charged offense.
 {¶ 13} Appellant's first assignment of error is sustained.
 {¶ 14} Due to our disposition of his first assignment of error, appellant's second assignment of error[2] is rendered moot. *Page 6 
 {¶ 15} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR.
[1] Count one was amended to delete the furthermore clause, and all other counts in the indictment were nolled.
[2] Assignment of Error II states: "Mr. Johnson's guilty plea must be vacated because the trial court failed to adequately advise him of his right to compulsory process of witnesses." *Page 1