[Cite as *State v. Tyree*, 2014-Ohio-2978.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100377 and 100378**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CORTEZ TYREE

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-573022 and CR-13-573669

**BEFORE:** Kilbane, J., Rocco, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Oscar E. Albores
James M. Rice
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} In this consolidated appeal, defendant-appellant, Cortez Tyree ("Tyree"), appeals from his guilty pleas in two separate cases. For the reasons that follow, we affirm.

{¶2} In Case No. CR-13-573022, Tyree was charged with aggravated robbery, which carried one- and three-year firearm and two weapon forfeiture specifications, and having a weapon while under disability, which carried two weapon forfeiture specifications for robbing a victim at gunpoint. In Case No. CR-13-573669, Tyree was charged with having a weapon while under disability.

{¶3} Pursuant to a plea agreement, in Case No. CR-13-573022, Tyree pled guilty to an amended charge of attempted aggravated robbery with a one-year firearm specification and two weapon forfeiture specifications. The three-year firearm specification was deleted, and the charge of having a weapon while under disability was nolled. In Case No. CR-13-573669, Tyree pled guilty to an amended count of attempted having a weapon while under disability.

{¶4} In Case No. CR-13-573022, the trial court sentenced Tyree to one year in prison on the firearm specification, to be served prior to three years on the attempted aggravated robbery charge, for a total of four years in prison. The trial court ordered that Tyree pay $319 as restitution. In Case No. CR-13-573669, the trial court sentenced him to twelve months in prison on the attempted having a weapon while under disability charge. The trial court ordered that the sentence in this case be served concurrent to the

sentence in Case No. CR-13-573022, for an aggregate sentence of four years in prison. The court found Tyree indigent and ordered that the costs and fees be waived.

{¶5} Tyree now appeals, raising the following single assignment of error for review.

ASSIGNMENT OF ERROR

The trial court failed to advise [Tyree] of the potential fine attendant to his plea of guilty to attempted [aggravated] robbery, thus rendering his plea unconstitutional.

{¶6} In the sole assignment of error, Tyree argues that his guilty plea must be vacated because the trial court did not advise him that the aggravated robbery charge carried a potential fine of $15,000. In support of his argument, he relies on this court's decision in *State v. Johnson*, 8th Dist. Cuyahoga No. 91884, 2009-Ohio-2268.

{¶7} In *Johnson*, this court interpreted the oral dialogue implied in Crim.R. 11 to include the mention of any particular fines and costs associated with a guilty plea, so that a defendant may properly be advised of the maximum penalty involved in pleading guilty. *Id.* at ¶ 10. We vacated Johnson's guilty plea on the grounds that the trial court did not substantially comply with Crim.R. 11 because it failed to mention the fine associated with pleading guilty to a single charge of rape. However, we find *Johnson* distinguishable from the instant case.

{¶8} First, in *Johnson*, the state conceded the trial court's error, so we were constrained to vacate Johnson's plea. Second, in the instant case, the state informed the court at the plea colloquy of the potential fine, and no objection was made by Tyree.

Furthermore, at the time of sentencing, the trial court stated that the potential fine for the aggravated robbery was $15,000. Lastly, the trial court in the instant case never imposed a fine at sentencing. Rather, the trial court found Tyree indigent and waived all costs and fines.

{¶9} Moreover, this court has addressed Tyree's argument in *State v. Simmons*, 8th Dist. Cuyahoga Nos. 99513 and 100552, 2013-Ohio-5026, and held as follows:

> With respect to the trial court's omission to notify Simmons of the possible fines and court costs, because the trial court never actually imposed the fines or court costs, Simmons cannot show that he would not have entered the plea. Simmons received the incarceration penalty within the range of what the trial court informed him was possible at sentencing, including the mandatory three-year term of postrelease control on the felonious assault count. Further, this court has consistently held that a trial court's failure to inform the defendant of the maximum penalty aside from the fines and costs satisfies the court's obligation pursuant to Crim.R. 11(C)(2) when the court does not impose any monetary punishments. [*State v.*] *Flagg*, 8th Dist. Cuyahoga Nos. 93248 and 93279, 2010-Ohio-4247, ¶ 33; *State v. Smith*, 8th Dist. Cuyahoga No. 36588, 1977 Ohio App. LEXIS 8585 (Dec. 8, 1977).

*Id.* at ¶ 7.

{¶10} Likewise, in the instant case, the trial court never actually imposed fines or court costs. Rather, the trial court found Tyree to be indigent and waived costs and fines.

Additionally, the state informed the court at the plea colloquy of the potential fine, and no objection was made by Tyree. At the time of sentencing, the trial court stated that the potential fine for the aggravated robbery was $15,000. Based on the foregoing, Tyree cannot demonstrate that he was prejudiced by the trial court's omission regarding the fine, nor can he demonstrate that he would not have entered the plea had he been advised of the potential fine.

{¶11} Accordingly, the sole assignment of error is overruled.

{¶12} Judgment is affirmed.

Costs waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN T. GALLAGHER, J., CONCUR