[Cite as *State v. Clifton*, 2018-Ohio-269.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105220

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LECONTE CLIFTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-486129-A

**BEFORE:** Boyle, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** January 25, 2018

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Amy Venesile
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Leconte Clifton, appeals from a judgment convicting him of aggravated murder with a three-year firearm specification. He raises three assignments of error for our review:

> 1. Defendant's plea was not knowingly, intelligently, or voluntarily made because he was given inaccurate information regarding the maximum penalty involved, the court incorrectly advised and imposed a term of postrelease control, and the trial court did not inform him of the maximum penalty because it made no mention of potential fines.
>
> 2. Appellant's sentence is void because it improperly includes a term of postrelease control for an aggravated murder conviction.
>
> 3. The trial court erred by imposing costs where it found appellant indigent and failed to consider his inability to pay and appellant's right to effective assistance of counsel was violated where counsel failed to file an affidavit of indigency and the trial court imposed costs.

{¶2} We find merit in part to Clifton's second assignment of error, vacate the postrelease control portion of Clifton's sentence, and reverse the case to the trial court to issue a new judgment entry reflecting the fact that Clifton is not subject to postrelease control.

## I. Procedural History and Factual Background

{¶3} In September 2007, Clifton entered into a plea with the state where he agreed to plead guilty to an amended indictment of aggravated murder in violation of R.C. 2903.01(B) with a three-year firearm specification. As part of the plea, the state agreed to remove the felony murder specification, ensuring that Clifton would not receive the death penalty. The parties further agreed that Clifton would receive a sentence of

three years in prison for the firearm specification to be served prior to and consecutive to 30 years to life in prison for aggravated murder, for a total of 33 years to life in prison.

{¶4} In December 2016, this court granted Clifton's motion for delayed appeal from the September 2007 judgment convicting him of aggravated murder with a three-year firearm specification and sentencing him to 33 years to life in prison. Thus, it is from the September 2007 judgment that Clifton now appeals.

## II. Voluntariness of Clifton's Plea

{¶5} In his first assignment of error, Clifton claims that his plea was not voluntarily, knowingly, and intelligently entered into for two reasons: (1) the trial court incorrectly informed him that he would be subject to five years of postrelease control rather than parole upon his release from prison, and (2) the trial court failed to inform him of the potential fine of $25,000 for aggravated murder.

{¶6} Under Crim.R. 11(C)(2), the trial court shall not accept a guilty or no contest plea in a felony case without personally addressing the defendant and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront

witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶7}** Whether the trial court accepted a plea in compliance with Crim.R. 11(C)(2) is subject to de novo review, based on the totality of the circumstances. *State v. Jackson*, 8th Dist. Cuyahoga No. 99985, 2014-Ohio-706, ¶ 6.

**{¶8}** The trial court must strictly comply with those provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus. But with respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *Veney* at ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶9}** Generally, the "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. As the Supreme Court explained in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, however, if the trial court fails to substantially comply with a requirement of Crim.R. 11(C)(2)(a) or (b) relating to a nonconstitutional right, then it must make a further determination as to whether the trial court "partially complied" or "completely failed" to comply with the requirement. *Id.* at ¶ 32. If the trial court partially complied with a requirement of

Crim.R. 11(C)(2) relating to a nonconstitutional right, a defendant's plea is properly vacated only if the defendant demonstrates prejudice, i.e., that the plea would not otherwise have been made. *Id*.; *Griggs* at ¶ 12; *Nero* at 108. If the trial court completely failed to comply, the plea must be vacated, and a showing of prejudice is not required. *Clark* at ¶ 32, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224 ("'A complete failure to comply with the rule does not implicate an analysis of prejudice.'").

### A. Postrelease Control and Parole

{¶10} Clifton was convicted of aggravated murder, which is an unclassified felony that is not subject to postrelease control under R.C. 2967.28. *Clark* at ¶ 36. Instead, an offender convicted of aggravated murder is either ineligible for parole or becomes eligible after serving a period of 20, 25, or 30 years in prison. *Id*., citing R.C. 2929.03(A)(1) and 2967.13(A).

{¶11} During the plea hearing in this case, the trial court incorrectly advised Clifton that he would be subject to five years of mandatory postrelease control if he ever got out of prison. It also advised him of the consequences of violating the conditions of postrelease control. Further, in the sentencing entry, the trial court wrongly stated that Clifton would be subject to five years of mandatory postrelease control. The trial court did not explain the parameters of parole to Clifton — nor did it have to.

{¶12} In *Clark*, the Ohio Supreme Court explained the following with respect to parole:

Parole is also a form of supervised release, but it is not merely an addition to an individual's sentence. When a person is paroled, he or she is released from confinement before the end of his or her sentence and remains in the custody of the state until the sentence expires or the Adult Parole Authority grants final release. R.C. 2967.02(C); 2967.13(E); 2967.15(A); 2967.16(C)(1). If a paroled person violates the various conditions associated with the parole, he or she may be required to serve the remainder of the original sentence; that period could be more than nine months. Ohio Adm.Code 5120:1-1-19(C).

Even after a prisoner has met the minimum eligibility requirements, parole is not guaranteed; the Adult Parole Authority "has wide-ranging discretion in parole matters" and may refuse to grant release to an eligible offender. * * * Because parole is not certain to occur, trial courts are not required to explain it as part of the maximum possible penalty in a Crim.R. 11 colloquy. * * *

*Id*. at ¶ 36-37.

{¶13} Clifton asserts that this case is analogous to the facts in *Clark* because the trial court "extensively mis-advised" him during the plea colloquy when it told him that if he was released from prison, he would be subject to a mandatory period of five years of postrelease control. He claims that under *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 839 N.E.2d 462, this incorrect recitation of the law failed to meet the substantial-compliance standard. He further maintains that he was prejudiced by the trial court's misinformation because the trial court failed to inform him about the possibility of parole he may face, as well as what could happen if he violated his parole.

{¶14} We note that the trial court's explanation of postrelease control in this case is distinguishable from what occurred in *Clark* where the trial court explained some "hybrid" version of postrelease control and parole to the defendant. *Id*. at ¶ 33. The Supreme Court explained in *Clark*:

[T]he trial judge attempted to give Clark what the judge thought was a more complete understanding of his sentence by explaining the concepts of postrelease control and parole. Using terms that varied in their meaning throughout the proceedings, the trial judge informed Clark that, upon serving 28 years in prison, he would be subject to a hybrid of the two concepts that does not exist under Ohio law. The trial judge's comments completely obfuscated the maximum sentence, to the point that it was unclear how the sentence would end and what sanctions Clark would face upon release from prison.

*Id*. at ¶ 34.

{¶15} The Supreme Court concluded that "[s]uch an incorrect recitation of the law fails to meet the substantial-compliance standard." *Id*. at ¶ 39. The Supreme Court held, however, that the trial court "did not simply ignore [its] duties under Crim.R. 11(C)(2)(a)" and that its "incorrect recitation" still amounted to partial compliance. *Id*. at ¶ 39. Therefore, an analysis of prejudice was required, which the Supreme Court remanded to the Eleventh District to determine.[1]  *Id*.

{¶16} Although the trial court's advisement in this case is distinguishable from the trial court's postrelease control parole "hybrid" explanation in *Clark*, we nonetheless agree with Clifton that the trial court here did not substantially comply with Crim.R. 11(C)(2)(a) — ensuring a defendant understands "the nature of the charges and of the maximum penalty involved." The trial court wrongly advised Clifton during the plea colloquy that he would be subject to a mandatory period of postrelease control upon his release from prison.

---

[1]Upon remand, the Eleventh District determined that Clark was not prejudiced by the misinformation. *State v. Clark*, 11th Dist. Ashtabula No. 2006-A-0004, 2008-Ohio-6768, ¶ 16.

{¶17} The trial court did, however, correctly inform Clifton that aggravated murder under R.C. 2903.01(B) was an unclassified felony with a possible maximum sentence of life without parole. It also further clarified that Clifton would be sentenced to 33 years to life in prison per the plea agreement. The trial court's erroneous statements to Clifton that he would be subject to a period of postrelease control if he was ever released from prison did not add to the penalty he faced, did not suggest that he could be released early, and did not misstate the maximum possible penalty for the offense to which Clifton was pleading guilty, i.e., life without the possibility of parole. Therefore, the trial court did not "completely fail" to comply with Civ.R. 11(C)(2)(a); it "partially complied" notwithstanding the misinformation it provided to Clifton regarding postrelease control. *See State v. Stokes*, 8th Dist. Cuyahoga No. 93154, 2010-Ohio-3181, ¶ 9 (where the trial court erroneously stated, during plea colloquy, that postrelease control would be a part of defendant's sentence when it was not applicable, trial court partially complied with Crim.R. 11(C)(2)(a)).

{¶18} Like *Clark*, the trial court in this case did not substantially comply with a requirement of Crim.R. 11(C)(2) relating to a nonconstitutional right, but it partially complied. We must therefore determine if Clifton demonstrated that he was prejudiced.

{¶19} After a review of the record, we find that he did not. There is simply nothing in the record to suggest that Clifton would not have entered into his guilty plea had the trial court not erroneously informed him that he was subject to a mandatory

five-year term of postrelease control. By pleading guilty, Clifton not only avoided a possible death sentence, but also avoided life imprisonment without the possibility of parole. It is illogical to presume that had Clifton known he would not be subject to five years of mandatory postrelease control (after a minimum of 33 years in prison) that he would not have pleaded guilty. Therefore, Clifton has failed to demonstrate prejudice resulting from the trial court's error in discussing and sentencing Clifton to a five-year term of postrelease control. We will, however, vacate that portion of Clifton's sentence imposing a mandatory five-year term of postrelease control because it is contrary to law (discussed in second assignment of error).

### B. Maximum Fine

{¶20} Clifton further argues that the trial court failed to inform him that he could face a maximum potential fine of $25,000 for pleading guilty to aggravated murder. Maximum fines are part of the maximum penalty of an offense. *State v. Flagg*, 8th Dist. Cuyahoga Nos. 93248 and 93279, 2010-Ohio-4247, ¶ 33.

{¶21} Clifton cites to *State v. Johnson*, 8th Dist. Cuyahoga No. 91844, 2009-Ohio-2268, in support of his argument that the trial court "did not comply, even substantially, with Crim.R. 11(C)." In *Johnson*, this court vacated a guilty plea on the grounds that the trial court did not substantially comply with Crim.R. 11 where it failed to mention the fine associated with pleading guilty to a single charge of rape. *Id*. at ¶ 12.

{¶22} This court has held, however, that *Johnson* is distinguishable because in *Johnson*, the state "conceded the trial court's error, so we were constrained to vacate

Johnson's plea."  *Flagg* at ¶ 34; *State v. Tyree*, 8th Dist. Cuyahoga Nos. 100377 and 100378, 2014-Ohio-2978, ¶ 8.  We have further distinguished *Johnson* by explaining that in that case, the possible financial penalty "bore much more relevance to whether [the defendant] made a knowing, intelligent, and voluntary plea" when he only faced ten years in prison for a first-degree felony.  *Flagg* at ¶ 34.  Here, Clifton faced the death penalty or even life without parole.  Thus, we cannot say that he was prejudiced by the trial court's failure to advise him of the potential $25,000 fine.  Further, just as in *Flagg*, "the trial court in the instant case never imposed a fine at sentencing, so [Clifton] cannot demonstrate that he was prejudiced by pleading guilty."  *Id*. at ¶ 34.

**{¶23}** Accordingly, Clifton's first assignment of error is overruled.

**III.   Sentence Contrary to Law**

**{¶24}** In his second assignment of error, Clifton maintains that his sentence is contrary to law because the trial court sentenced him to a mandatory five-year period of postrelease control and failed to advise him of his appellate rights.  As we previously stated, we agree in part.

**{¶25}** R.C. 2953.08(G)(2) states that when reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."  Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [applicable sentencing provisions]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence

and remand the matter to the sentencing court for resentencing."

{¶26} Clifton was convicted of aggravated murder, which is an unclassified felony that is not subject to postrelease control under R.C. 2967.28. *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 36. Therefore, the postrelease control portion of Clifton's sentence is contrary to law. As we already stated, we agree that Clifton's sentence should not have included postrelease control, and we are vacating the postrelease control portion of Clifton's sentence.

{¶27} Regarding the trial court's failure to advise Clifton of his appellate rights, we find no prejudice because this court granted his motion for delayed appeal. Clifton's second assignment of error is overruled in part and sustained in part.

## IV. Court Costs

{¶28} In his third assignment of error, Clifton argues that the trial court erred when it imposed costs in the sentencing entry without orally notifying him at the sentencing hearing that it was imposing costs. He further argues that the trial court erred when it failed to consider his ability to pay costs. Finally, he maintains that his counsel was ineffective for failing to file an affidavit of indigency even after directed by the trial court to do so.

{¶29} R.C. 2947.23(A)(1) governs the imposition of court costs and provides in relevant part: "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." Unlike financial sanctions issued pursuant to R.C. 2929.18, "the imposition of court costs

under R.C. 2947.23 does not require the trial court to first consider the defendant's ability to pay."[2]   *State v. Hodge*, 9th Dist. Lorain No. 14CA010648, 2015-Ohio-3724, ¶ 15.   A defendant's financial status is therefore "irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3 (superseded by statute on other grounds).   Accordingly, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs even if the defendant is indigent.   *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.

{¶30} In its discretion, however, a trial court may waive payment of court costs upon a defendant's motion if the defendant is indigent.   R.C. 2949.092; *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9.   This discretion to waive costs also includes the discretion not to waive them.   *State v. Gilbert*, 8th Dist. Cuyahoga No. 104355, 2016-Ohio-8308, ¶ 6.   We, therefore, review a trial court's denial of a motion to waive costs for abuse of discretion.   *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23 (superseded by statute on other grounds).

{¶31} When reviewing for abuse of discretion, we must remember that "'[t]he term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'"   *State v. Jenkins*, 15 Ohio

---

[2]R.C. 2929.19(B)(5) states that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."   The statute for costs, R.C. 2947.23, contains no such provision.

St.3d 164, 222, 473 N.E.2d 264 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 94 N.W.2d 810 (1959). To find that a trial court abused that discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996).

{¶32} In *Threatt*, the Ohio Supreme Court held that a motion by an indigent criminal defendant to waive payment of costs must be made at the time of sentencing. *Id.* at paragraph two of the syllabus. "If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." *Id*. at ¶ 23.

{¶33} Four years later, in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Ohio Supreme Court held that a defendant's Crim.R. 43(A) right to be present at all stages of his trial was violated when a trial court imposed court costs without orally informing a defendant that it was doing so at the sentencing hearing. *Id*. at ¶ 22. The court explained that the error was not harmless because the defendant "was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court." *Id*. The court "remand[ed] the cause to the trial court for the limited purpose of allowing [the defendant] to move the court for a waiver of the payment of court costs." *Id*. at ¶ 23.

{¶34} In this case, the trial court imposed court costs without orally notifying

Clifton that it was doing so. This court recently decided en banc that when a trial court imposes court costs in the sentencing entry without orally notifying the defendant at the sentencing hearing that it was imposing costs, it is reversible error. *State v. Taylor*, 8th Dist. Cuyahoga No. 104243, 2017-Ohio-9270, ¶ 2 (stating that the General Assembly's addition of R.C. 2947.23(C), which states "the court retains jurisdiction to waive, suspend, or modify the payment of costs of prosecution * * * at the time of sentencing, or at any time thereafter," does not affect the holding in *Joseph*). As we explained in *Taylor*, it is axiomatic that a criminal defendant has a fundamental right to be present at all critical stages of his criminal trial, including the imposition of his or her sentence. *Id.* at ¶ 3, citing Section 10, Article I, Ohio Constitution; Crim.R. 43(A); and *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864.

{¶35} In this case, however, despite the trial court's failure to inform Clifton that it was going to impose costs, Clifton's defense counsel orally moved the court to waive costs twice during the sentencing hearing. The second time, the court informed Clifton's defense counsel that they needed to file an affidavit of indigency first and that it would consider the affidavit when it was filed. The trial court then imposed costs in the sentencing entry, effectively denying Clifton's motion to waive costs. *See State v. Duncan*, 8th Dist. Cuyahoga No. 97208, 2012-Ohio-3683, ¶ 4 (motions not ruled on when a trial court enters final judgment are considered denied); *State v. Ryerson*, 12th Dist. Butler No. CA2003-06-153, 2004-Ohio-3353, ¶ 55 (there is a "general rule that pretrial motions not ruled upon will ordinarily be presumed to have been overruled").

{¶36} Clifton argues that he was prejudiced by his counsel's failure to file an affidavit of indigency because the trial court told defense counsel that it would consider an affidavit once filed, which he claims showed that the court would have waived payment of court costs. We disagree with Clifton that the trial court's statement establishes there was a "reasonable probability" that the court would have waived costs if his counsel *had* filed the affidavit.[3]

{¶37} When Clifton's defense counsel moved for a waiver of court costs during the sentencing hearing, they argued to the trial court that Clifton was obviously indigent because they had been appointed to represent him. Thus, the trial court was at least on notice that Clifton may be indigent, and it imposed costs anyway. Therefore, the fact that Clifton may be indigent was not a factor the trial court found relevant to imposing the court costs. *See State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146 (trial court's imposition of court costs in spite of the fact that defendant was indigent was not an abuse of discretion); *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2012-Ohio-2762 (the fact that the court found defendant indigent for purposes of appointing appellate counsel, yet still imposed court costs, shows the court would not have waived court costs even if a motion was filed).

{¶38} A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and

---

[3]Defense counsel did file a written motion to waive costs with an affidavit of indigency attached after the sentencing hearing, which the trial court denied. Clifton did not appeal this decision.

that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶39} As this court held in *Vanderhorst*, "[a] claim of ineffective assistance of counsel in conjunction with the imposition of costs will be rejected on appeal where the defendant makes 'no demonstration that a "reasonable probability" exists that the lower court would have waived payment of the costs' if such motion had been filed." *Id*. at ¶ 78, quoting *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919. Clifton has not demonstrated a reasonable probability here.

{¶40} Regarding Clifton's argument that the trial court failed to consider his ability to pay court costs, we find no merit to it. Clifton will be in prison for a considerable amount of time — at least 33 years. Ohio Adm.Code 5120-5-03(D) authorizes the garnishment of an inmate's account to satisfy the inmate's obligations to the court as long as the account retains $25 for inmate expenditures. *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 70, *discretionary appeal not allowed*, *State v. Duhamel*, 144 Ohio St.3d 1460, 2016-Ohio-172, 44 N.E.3d 289. In *Duhamel*, we explained:

> "'[C]osts are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system.'" [*Threatt*], 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15, quoting *Strattman v. Studt*, 20 Ohio St.2d 95, 102, 253 N.E.2d 749 (1969). "Although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *Id*. Thus, the purpose of Ohio Adm.Code 5120-5-03 is the collection of a valid judgment to relieve the burden taxpayers would have to pay as a result of the convict's criminal actions.

*Id.* at ¶ 71.

**{¶41}** Further, R.C. 5120.133(A) permits the Department of Rehabilitation and Correction to deduct payments toward a certified judgment from a prisoner's account without any other required proceeding in aid of execution. The Ohio Supreme Court explained that this provision "is merely one method of collection against defendants who are incarcerated (and therefore are most likely indigent)." *Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, at ¶ 13.

**{¶42}** If at some point Clifton's circumstances change and he no longer has the ability to pay costs — for example, if he becomes disabled such that he cannot work (in prison or after he gets out) — then he can move the court to waive, suspend, or modify payment of costs at that time pursuant to R.C. 2947.23(C).

**{¶43}** Clifton's third assignment of error is overruled.

**{¶44}** Judgment affirmed in part, reversed in part, and remanded for the trial court to issue a new judgment entry reflecting that Clifton is not subject to postrelease control.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
ANITA LASTER MAYS, J., CONCUR