[Cite as *State v. Bobo*, 2022-Ohio-3555.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111362 |
| v. | : | |
| VICTOR BOBO, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** October 6, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-666312-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Luke Habermehl, Assistant Prosecuting
Attorney, *for appellee.*

The Law Office of Jaye M. Schlachet, Jaye M. Schlachet,
and Eric M. Levy, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Victor Bobo ("Bobo") appeals his conviction and

sentence after pleading guilty to one count of felony two drug trafficking. For the

following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## Procedural and Factual History

{¶ 2} On January 14, 2022, Bobo was indicted for drug trafficking cocaine in an amount exceeding 27 grams but less than 100 grams, a felony of the first degree (Count 1); possession of cocaine, a felony of the first degree (Count 2); and possession of criminal tools, a felony of the fifth degree (Count 3). Bobo also had three other cases before the court as follows: Cuyahoga C.P. No. CR-21-633725-A: receiving stolen property, a felony of the fourth degree; Cuyahoga C.P. No. CR-21-664669: robbery a felony of the third degree and grand theft a felony of the fourth degree; and Cuyahoga C.P. No. CR-22-666766: abduction, a felony of the third degree; domestic violence, a felony of the fourth degree; and resisting arrest, a misdemeanor of the second degree.

{¶ 3} On March 2, 2022, the court conducted a pretrial. Prior to that date, Bobo's counsel had asked the court to review his record for a possible community-control sanction. The court informed Bobo that, after a review of his record if Bobo reached a plea agreement, a prison term would be imposed. The court noted Bobo's lengthy criminal history and his four new cases from September 2021 to February 2022. Based on those facts alone, the trial court felt it would be inappropriate to impose a community-control sanction.

{¶ 4} After further discussion, the trial court adjourned until the afternoon session to allow Bobo to discuss the case with his attorney. On returning to the

record, Bobo accepted a plea deal and pleaded guilty to Count 1 as amended to a felony of the second degree.[1] The state dismissed the remaining charges on that indictment. During the plea colloquy, the trial court advised Bobo that the sentence required mandatory prison time. However, the trial court also advised Bobo that he would be entitled to earn good-time credit and could reduce his term by 15 percent.

{¶ 5} After accepting Bobo's plea, the trial court proceeded immediately to sentencing. Bobo was sentenced to a minimum indefinite sentence of three years to a maximum possible term of four and one-half years.[2] After the trial court concluded sentencing, but before the case was adjourned, Bobo's attorney questioned whether he was eligible for good-time credit on a mandatory prison term. The trial court indicated that the legislature is silent as to whether a defendant is eligible for early release under S.B. 201.

{¶ 6} Bobo now appeals assigning the following errors for our review.

### Assignment of Error No. 1

The trial court erred when it found appellant's plea was voluntary, knowing and intelligent and that he was aware of the maximum penalty involved where at the time of his change of plea he was given inaccurate information about prison reduction where the trial court imposed a mandatory prison sentence.

### Assignment of Error No. 2

Appellant's indefinite sentence imposed under the Reagan Tokes sentencing scheme violates appellant's rights under the United States Constitution applied to the state of Ohio through the Fourteenth

---

[1] Bobo also pleaded guilty to the grand theft charge as amended to a felony of the fifth degree and the domestic violence and resisting arrest charges.

[2] Bobo was sentenced to credit for time served on his other cases.

Amendment and the Ohio Constitution as it denies appellant due process of law; violates the Sixth Amendment right to a jury trial; violates the separation of powers doctrine; does not provide fair warning of the dictates of the statute to ordinary citizens; and the statute conferred too much authority to the Ohio Department of Rehabilitation and Correction (ODRC).

### Assignment of Error No. 3

Appellant's sentence is contrary to law where the trial court failed to comply with the required notices contained in R.C. 2929.19(B)(2)(c) when imposing sentence.

### Law and Analysis

{¶ 7} For ease of discussion, we will examine the assignments of error out of order, when necessary. In the first assignment of error, Bobo argues that the trial court erred when it found his guilty plea was voluntary, knowing, and intelligent where the court informed him, incorrectly, that he was entitled to good-time credit on a mandatory prison term. The state filed a notice of conceded error as to this assignment of error pursuant to Loc.App.R. 16(B).

{¶ 8} Bobo essentially argues that the trial court's error violated Crim.R. 11(C)(2)(a), which states that a trial court

"shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and: Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 9} Bobo argues that such an error is sufficient to warrant vacating his plea and remanding the case back to the trial court. Alternatively, Bobo suggests the Reagan Tokes Law, S.B. 201, might allow for good-time credit on a mandatory

sentence. If so, Bobo argues, his first assignment of error is moot. We will address Bobo's arguments in this assignment of error in turn.

{¶ 10} Preliminarily, a no-contest or guilty plea must be knowing, intelligent, and voluntary because it involves a waiver of constitutional rights. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of the plea is unconstitutional." *Id.*

{¶ 11} The requirements of an acceptable plea are codified in Ohio under Crim.R. 11, and it includes constitutional and nonconstitutional elements. The rule is intended to ensure "'an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id.* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

{¶ 12} No magic words are required to establish compliance with Crim.R. 11, rather the concern is "whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of the plea." *Dangler* at ¶ 12, citing *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977), and *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15-16; *Clark* at ¶ 26; *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 19.

**{¶ 13}** When a criminal defendant challenges his conviction due to errors in the plea colloquy, the rule is that he must establish that an error occurred and that he was prejudiced by that error. *Id.* at ¶ 13. Prejudice is shown when the defendant demonstrates that but for the trial court's error, the plea would not have been made. *State v. Clifton*, 8th Dist. Cuyahoga No. 105220, 2018-Ohio-269, ¶ 9, citing *Clark* at ¶ 32, *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12, *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶ 14}** However, there are two exceptions to the requirement that the defendant show prejudice. One exception deals with the defendant's constitutional rights and the other with the defendant's nonconstitutional rights. A trial court must strictly comply with Crim.R. 11(C)(2)(c), which describes the constitutional rights a defendant waives when he enters a plea of guilty or no contest. *State v. Smith*, 8th Dist. Cuyahoga Nos. 110660 and 110694, 2022-Ohio-1411, ¶ 30. If the trial court fails to give the constitutional advisements, it is presumed that the plea was entered involuntarily and unknowingly. In that instance, the defendant is not required to show prejudice. *Dangler*, 162 Ohio St.3d 1 2020-Ohio-2765, 164 N.E.3d 286 at ¶ 10, citing *Clark* at ¶ 31; *Veney* at syllabus.

**{¶ 15}** On the other hand, the trial court must substantially comply with Crim.R. 11(C)(2)(a) and (b) that cover nonconstitutional rights. *Smith* at ¶ 31. If the trial court completely fails to comply with advising on a nonconstitutional element of Crim.R. 11(C), defendant is also not required to show prejudice. *Dangler* at ¶ 14.

{¶ 16} In *Dangler,* the Supreme Court summarized our review of Crim.R. 11(C) as follows:

> Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Dangler* at ¶ 17.

{¶ 17} Here, the main focus is whether the trial court complied with Crim.R. 11(C)(2) and determined that Bobo understood the maximum penalty involved in his plea. A review of the record shows that the trial court did initially comply with Crim.R. 11(C)(2). The trial court advised Bobo that the maximum potential penalty for his charge was a term of 8 to 12 years. Further, the trial court informed him that whether his prison term was extended beyond eight years would depend on his behavior in the institution. Finally, the trial court informed Bobo that the sentence was mandatory.

{¶ 18} The court then took the added step of advising Bobo that he was entitled to good-time credit under R.C. 2967.193. The court informed Bobo that his sentence could be shortened by 15 percent if he earned good time while incarcerated.

{¶ 19} Crim.R. 11(C) does not require the trial court to advise a defendant on the eligibility for good-time credit. Nevertheless, a trial court can elect to inform a defendant of aspects of his sentence that are not mandated by Crim.R. 11. If in doing so, the trial court gives an incorrect recitation of the law, in a way that obscures

the maximum prison term a defendant faces, the trial court's recitation fails to meet the substantial-compliance standard for Crim.R. 11(C). *Clifton*, 8th Dist. Cuyahoga No. 105220, 2018-Ohio-269, ¶ 15, citing *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462 at ¶ 31. However, when the trial court gives an incorrect statement of the law, the trial court does not completely ignore its responsibilities under Crim.R. 11(C)(2)(a). The incorrect recitation of the law still amounts to partial compliance with the rule. Therefore, the defendant needs to show prejudice to prevail.

{¶ 20} In the instant case, the question is whether Bobo is entitled to good-time credit. If he is, then the trial court correctly advised him of the law, and the first assignment of error is moot. If not, then the trial court partially complied with Crim.R. 11(C)(2)(a) and Bobo must establish that he was prejudiced by the error.

{¶ 21} To answer, we begin with R.C. 2967.271(B) which states:

> When an offender is sentenced to a non-life felony indefinite prison term, there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

{¶ 22} R.C. 2929.01(GGG) defines a "non-life felony indefinite prison term" as one that is imposed under R.C. 2929.14(A)(1)(a) or (2)(a) and 2929.144 for a first-degree or second-degree felony. R.C. 2929.14(A)(2)(a) provides:

> For a felony of the second degree committed on or after the effective date of this amendment, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, *except*

*that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.*

(Emphasis added.)

{¶ 23} Bobo pleaded guilty to R.C. 2925.03, which requires a mandatory prison term for a felony of the second degree. R.C. 2925.03(C)(4)(e) ("[T]he court shall impose as a mandatory prison term a second-degree felony mandatory prison term.").

{¶ 24} Finally, pursuant to R.C. 2929.13(F)(5),[3] a trial court shall impose a sentence under R.C. 2929.14 and "shall not" reduce a mandatory sentence imposed under R.C. 2925.03 pursuant to R.C. 2967.193, in addition to other statutes. Therefore, this issue is not moot and the trial court erred when it advised Bobo that he could earn credit for good behavior to reduce his mandatory prison term pursuant to R.C. 2967.193.

---

[3] R.C. 2929.13(F): Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20, divisions (C) to (I) of section 2967.19, or section 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the term or terms pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967 or Chapter 5120 of the Revised Code for any of the following offenses * * *.

(5) A first-, second-, or third-degree felony drug offense for which section 2925.02, 2925.03, 2925.04, 2925.05, 2925.06, 2925.11, 2925.13, 2925.22, 2925.23, 2925.36, 2925.37, 3719.99, or 4729.99 of the Revised Code, whichever is applicable regarding the violation, requires the imposition of a mandatory prison term.

{¶ 25} This error resulted in the trial court's mere partial compliance with Crim.R. 11(C)(2)(a). Consequently, Bobo must establish that he was prejudiced by the trial court's error before he is entitled to have his plea vacated, i.e., but for the trial court's error, he would not have pleaded guilty to the charge. *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462 at ¶32.

{¶ 26} Bobo argues that he was prejudiced because he would not have pleaded guilty if he realized he was not entitled to good-time credit. He claims that the facts that he hoped to avoid prison and sought to negotiate a lower sentence are indicators that he would have refused to plead guilty if he had been aware of the trial court's error. However, the record does not support his argument for the following reasons.

{¶ 27} Bobo knew if he entered a plea that he would be sentenced to prison. The trial court told him before he entered his plea. Furthermore, the trial court did not instruct Bobo about good-time credit until after the plea colloquy had commenced. Therefore, Bobo's decision to plead guilty was not based on the potential of receiving good-time credit. The record does not support Bobo's contention that the prospect of receiving good-time credit induced him to enter a plea. Additionally, there is no evidence that Bobo would have refused to plead guilty if informed good-time credit was inapplicable. After the plea colloquy, Bobo's attorney raised the possibility that he was not entitled to good-time credit. Even though the trial court did not know the answer, Bobo did not immediately seek to

withdraw his plea or seek further clarification. Based on these facts, Bobo has failed to establish that he was prejudiced by the trial court's error.

{¶ 28} Accordingly, we overrule the first assignment of error.

{¶ 29} In the third assignment of error, Bobo argues that his sentence was contrary to law because the trial court failed to comply with R.C. 2929.19(B)(2)(c). We agree.

{¶ 30} When reviewing a felony sentence, we must apply the standard of review established in R.C. 2953.08(G)(2). *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for sentencing" when a) the record does not show that the requirements of particular sentencing statutes were met or b) "that the sentence was contrary to law." *Id.*

{¶ 31} Several appellate courts, including this one, have found that a sentence is contrary to law when the trial court sentences an offender to an indefinite prison term under the Reagan Tokes Law and fails to advise the offender of all the notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing. *See State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 46; *State v. Gates*, 8th Dist. Cuyahoga No. 110616, 2022-Ohio-1666, ¶ 27; *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 23; *State v. Pope*, 12th Dist. Butler No. CA2021-05-057, 2022-Ohio-426, ¶ 23; *State v. Bentley*, 4th Dist. Adams No. 21CA1147, 2022-Ohio-1914, ¶ 10; *State v. Wolfe*, 5th Dist. Licking No.

2020CA00021, 2020-Ohio-5501, ¶ 36; *State v. Bates*, Slip Opinion No. 2022-Ohio-475 (while the case addresses postrelease control specifically, the court found that R.C. 2929.19(B)(2)(c) requires oral notification at the sentencing hearing).

{¶ 32} Under R.C. 2929.19(B)(2)(c) if the trial court determines that prison is necessary or required the court shall advise the defendant at the sentencing hearing all of the following:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 33} The trial court did not give the advisements in R.C. 2929.19(B)(2)(c) at sentencing. The trial court told Bobo that if he "violated while * * * incarcerated, the Parole Authority at the Department of Rehabilitation can send you back to prison and keep you there up until four and a half years." The court did not instruct Bobo on the presumption that he would be released after he served the minimum mandatory term, or that a hearing would be held prior to any extension of his sentence. Nor did the trial court advise that he could be evaluated again for each additional infraction. Therefore, the trial court erred when it failed to inform Bobo of all the R.C. 2929.19(B)(2)(c) advisements. As we determined in *State v. Gates*, 8th Dist. Cuyahoga No. 110616, 2022-Ohio-1666, when this type of error occurs, it "in no way [affects] the validity of the underlying conviction or any other aspect of the sentence imposed by the trial court." *Id.* at ¶ 26, quoting *State v. Pope,* 12th Dist. Butler No. CA 2021-05-057, 2022-Ohio-426. However, the most "prudent approach" is to remand the case to the trial court for the sole purpose of providing Bobo with the notifications required by R.C. 2929.19(B)(2)(c). *Id.* at ¶ 27. Consequently, this case is remanded to the trial court in order for Bobo to be resentenced and given the proper advisements.

{¶ 34} Accordingly, we sustain the third assignment of error.

{¶ 35} In the second assignment of error, Bobo challenges the constitutionality of the Reagan Tokes Law. In doing so, Bobo cites as support three of our prior cases, *State v. Delvallie,* 2021-Ohio-1809, 173 N.E.3d 544 (8th Dist.), *State v. Daniel,* 2021-Ohio-1963, 173 N.E.3d 184 (8th Dist.), and *State v. Sealey,*

2021-Ohio-1949, 173 N.E.3d 894 (8th Dist.). However, all three cases were subsequently overruled by our en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), where we found the Reagan Tokes Law constitutional.

{¶ 36} Accordingly, we overrule the second assignment of error.

{¶ 37} Judgment affirmed, reversed in part, and remanded for a limited hearing so that the court may give proper advisement pursuant to R.C. 2929.19(B)(2)(c).

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

FRANK DANIEL CELEBREZZE, III, P. J., and
MARY J. BOYLE, J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.