OPINION
{¶ 1} This is an appeal by defendant-appellant, Thomas W. Wooden, from a judgment of the Franklin County Court of Common Pleas, overruling appellant's motion to withdraw his guilty plea.
 {¶ 2} On February 16, 1999, appellant was indicted on two counts of rape, in violation of R.C. 2907.02. In Count I it was alleged that appellant engaged in vaginal intercourse with an eight-year-old girl during the period from May 1, 1993 to September 1, 1993, while in Count 2 it was alleged that appellant engaged in vaginal intercourse with a six-year-old girl during the identical period of time.
 {¶ 3} On April 7, 2000, appellant entered a guilty plea to two counts of corruption of a minor. By entry filed June 29, 2000, the trial court sentenced appellant to two years incarceration on each count, to be served consecutively.
 {¶ 4} On December 4, 2001, appellant filed a motion to withdraw his guilty plea. On January 23, 2003, appellant filed a "motion to dismiss with prejudice." By decision and entry filed February 11, 2002, the trial court overruled both motions.
 {¶ 5} On March 12, 2002, appellant filed with this court a motion for leave to file a delayed appeal of his conviction. Also on that date, appellant filed a notice of appeal from the trial court's entry overruling his motion to withdraw his guilty plea.
 {¶ 6} On March 18, 2002, appellant filed with the trial court a motion for relief from judgment. The trial court overruled the motion by entry filed March 26, 2002. Appellant appealed the trial court's decision overruling his motion for relief from judgment, and in State v. Wooden, Franklin App. No. 02AP-473, 2002-Ohio-7363 ("Wooden I"), this court affirmed the judgment of the trial court.
 {¶ 7} By decision rendered May 21, 2002, this court denied appellant's motion for leave to file a delayed appeal. Appellant filed a motion for reconsideration of this court's decision. By decision dated March 31, 2003, this court granted appellant's motion to the limited extent that appellant was permitted to appeal the trial court's denial of his motion to withdraw his guilty plea.
 {¶ 8} On appeal, appellant sets forth the following assignment of error for review:
Trial court erred as a matter of law, and abused its discretion by accepting appellant[']s plea and overruling appellant[']s motion to withdraw his plea of guilt[.]
 {¶ 9} On appeal, appellant contends that his guilty plea was not knowingly, voluntarily and intelligently entered because the trial court failed to explain to him the elements of the offense of corruption of a minor. Appellant also contends that his trial counsel was ineffective in failing to apprise him of the elements of the offense at issue.
 {¶ 10} Crim.R. 32.1 governs withdrawal of a guilty plea and states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In State v. Hall, Franklin App. No. 03AP-433, 2003-Ohio-6939, at ¶ 11-12, this court noted that:
A motion to withdraw a guilty plea after sentence is addressed to the sound discretion of the trial court and the trial court's judgment will not be reversed absent a demonstration of abuse of discretion. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAAEnterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 553 N.E.2d 597. A decision that is unreasonable is one that has no sound reasoning process to support it.
A defendant seeking to withdraw a guilty plea after sentencing has the burden of establishing the existence of manifest injustice. The term "manifest injustice" has been variously defined but it is clear that a post-sentence motion to withdraw a plea is allowable only in extraordinary cases. As a rule, manifest injustice relates to some fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process.
 {¶ 11} In order to demonstrate manifest injustice on the basis of ineffective assistance of counsel, a defendant must show: "(1) that counsel's performance was deficient; and (2) that there is a reasonable probability that, but for counsel's error, defendant would not have pleaded guilty." State v. Hastings
(Dec. 15, 1998), Franklin App. No. 98AP-421. Therefore, "a guilty plea waives a defendant's right to claim that he was prejudiced by constitutionally ineffective counsel, except to the extent that the defect complained of caused the plea to be less than knowing and voluntary." Id.
 {¶ 12} The primary issue raised on appeal is whether the trial court's colloquy with appellant was sufficient to satisfy Crim.R. 11, and, in particular, Crim.R. 11(C)(2)(a), requiring the court to determine that a defendant understands "the nature of the charges" against him. Crim.R. 11(C) states as follows:
(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right.
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 13} As noted, appellant contends that the trial court erred by accepting his guilty plea without informing him of the specific elements of the offense of corruption of a minor. However, while Crim.R. 11(C)(2)(a) requires the court to satisfy itself that the defendant understands the "nature of the charge" before pleading guilty, Ohio courts "have never interpreted that phrase to require the court to inform the accused of the actual elements of the charged offense." State v. Carpenter, Cuyahoga App. No. 81571, 2003-Ohio-3019, at ¶ 2. Rather, "the trial court need only substantially comply with the non-constitutional requirements set forth in Crim.R. 11(C)." State v. Singh
(2000), 141 Ohio App.3d 137, 140. Courts have held that "substantial compliance" is satisfied when, "`under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" Statev. Williams (Nov. 22, 2000), Cuyahoga App. No. 77437, quotingState v. Nero (1990), 56 Ohio St.3d 106, 108. Further, "appellant must show that a failure to comply had a prejudicial effect." Williams, supra.
 {¶ 14} Thus, for example, in Carpenter, supra, although the trial court did not recite the actual elements of the charge, the reviewing court noted that the court specifically asked defendant whether he understood the charged offenses, and he responded affirmatively. The court held that, in the absence of any evidence that defendant did not understand the nature of the charges, the defendant's "affirmative reply leaves no doubt that he understood the nature of the charges against him." Id., at ¶ 3. See, also, State v. Zeda (Oct. 13, 1994), Cuyahoga App. No. 66524 (trial court did not have duty to explain elements of offense to defendant where defendant stated that he understood charges and had no questions about them).
 {¶ 15} In the present case, at the plea hearing the court informed appellant of the potential penalties and fines related to the offense, a felony of the third degree. Appellant stated that he was entering his plea freely, and when the court asked appellant whether he understood the nature of the offense, he responded affirmatively. Appellant also acknowledged that he reviewed, with his counsel, the entry of guilty plea he had signed, and that no one made threats or promises to induce his plea. Finally, appellant indicated that he was satisfied with his counsel's representation. Based upon this court's review of the record, we conclude that the trial court substantially complied with Crim.R. 11(C), and that appellant understood the implications of his plea and the rights he was waiving.
 {¶ 16} Regarding the claim of ineffective assistance of counsel, appellant's contention that his counsel failed to inform him of the elements of the offense is uncorroborated; accordingly, "appellant's allegations are insufficient to support the withdrawal of a plea unless the record otherwise indicates that the plea was not made in compliance with Crim.R. 11."Hastings, supra. Further, it has been held that "`undue delay' between the alleged reason for the withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militates against the granting of the motion." Id. As noted by the state, in the instant case, appellant filed his motion to withdraw his guilty plea almost one and one-half years after he was sentenced.
 {¶ 17} Finally, we note that this court, in Wooden I,
supra, held that appellant's actions in voluntarily entering into a plea of guilty to two counts of corruption of a minor while represented by counsel constituted a waiver of his constitutional right to indictment. In so holding, this court noted that appellant "joined in negotiating a reduction of the first-degree felony rape counts to third-degree felony counts of corruption of a minor," and that the circumstances resulted in "a favorable outcome for appellant." Id., at ¶ 15. In light of the facts outlined by the state at the plea hearing that, if proven, would have established that appellant engaged in vaginal intercourse with the victims, we agree that the plea outcome was favorable, and appellant has failed to persuade this court that he would have foregone such a favorable outcome and, instead, proceeded to trial. Thus, under the circumstances, appellant has failed to show prejudice.
 {¶ 18} Based upon the foregoing, the trial court did not abuse its discretion in failing to permit appellant to withdraw his guilty plea. Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Bryant and Wright, JJ., concur.
WRIGHT, J., retired, of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C)[NAF1], Article IV, Ohio Constitution.