[Cite as *State v. Pope*, 2022-Ohio-426.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-05-057 |
| - vs - | : | O P I N I O N<br>2/14/2022 |
| | : | |
| ZACHARY NEHEMIAH POPE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2020-10-1387

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Michele Temmel, for appellant.

**BYRNE, J.**

{¶1}   Zachary Pope appeals from his sentence for felonious assault in the Butler County Court of Common Pleas.   For the reasons that follow, we overrule Pope's constitutional challenge to the Reagan Tokes Law but reverse the sentence and remand for the limited purpose of providing Pope with certain mandatory statutory notifications.

**I. Procedural and Factual Background**

{¶2}   In November 2020, a Butler County grand jury indicted Pope for felonious

assault and theft. At a subsequent plea hearing, Pope pleaded guilty to felonious assault. The state dismissed the theft charge.

{¶3} At the sentencing hearing, the trial court imposed an indefinite prison term under the Reagan Tokes Law, R.C. 2967.271, et seq. The indefinite sentence consisted of a minimum term of three years in prison and a maximum term of four-and-one-half years in prison. The court notified Pope of the presumption that he would be released from prison at the end of the minimum term. The trial court also notified Pope that this presumption was rebuttable by the Ohio Department of Rehabilitation and Corrections ("DRC"), which could maintain his incarceration through the end of the maximum term.

{¶4} Pope appealed, raising two assignments of error.

## II. Law and Analysis

{¶5} Assignment of Error No. 1:

{¶6} DEFENDANT'S INDEFINITE SENTENCE IS UNCONSTITUTIONAL.

{¶7} Pope contends that his indefinite sentence is unconstitutional because it violates his rights to due process of law under the Ohio and United States Constitutions. However, Pope never raised this issue with the trial court. It is well established that "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). Therefore, by not first raising the issue with the trial court, Pope's arguments challenging the constitutionality of R.C. 2967.271 are forfeited and will not be heard for the first time on appeal. *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8 (rejecting challenges to the Reagan Tokes Law that were not raised in trial court proceedings). Accordingly, having forfeited his constitutional challenge to R.C. 2967.271 by not first raising the issue with the trial court, Pope's first assignment of error lacks merit and is overruled.

{¶8}	Assignment of Error No. 2:

{¶9}	MR. POPE'S SENTENCE WAS CONTRARY TO LAW BECAUSE IT DID NOT COMPLY WITH R.C. §2929.19(B)(2)(c).

{¶10}	Pope argues that his sentence was contrary to law because the trial court failed to provide him with certain statutorily required notifications.

{¶11}	We review felony sentences pursuant to R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) permits an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under certain listed statutes (specifically, R.C. 2929.13[B] or [D], R.C. 2929.14[B][2][e] or [C][4], or R.C. 2929.20[I]), or that the sentence is otherwise contrary to law. *Id.* at ¶ 1.

{¶12}	Pope points to R.C. 2929.19(B)(2), which requires sentencing courts to provide certain notifications when sentencing a defendant to an indefinite prison term under the Reagan Tokes Law. Specifically, the statute provides that,

> if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, *the court shall do all of the following:*
>
> * * *
>
> (c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:
>
> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

(Emphasis added.) Pope argues that the trial court failed to notify him that DRC must make certain determinations in order to maintain his incarceration beyond the minimum term (as referenced in R.C. 2929.19[B][2][c][ii] and [iii]), that he was entitled to a hearing prior to the DRC maintaining his incarceration beyond the minimum term (as referenced in R.C. 2929.19[B][2][c][ii] and [iii]), and that the DRC had the ability to make the specific determinations extending his incarceration more than once (as referenced in R.C. 2929.19[B][2][c][iv]).

{¶13} We have had several opportunities to analyze the extent to which trial courts

- 4 -

must comply with the R.C. 2929.19(B)(2)(c) notification requirements. In *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, we held that "[b]y indicating that the sentencing court 'shall do *all* of the following' and 'notify the offender of *all* of the following,' the legislature clearly placed a mandatory duty upon the trial court rather than granting it discretion." (Emphasis added.) *Id.* at ¶ 24. "Thus, when sentencing an offender to a non-life felony indefinite prison term under the Reagan Tokes Law, a trial court must advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing to fulfill the requirements of the statute." *Id.*

{¶14} In *Hodgkin*, the trial court failed to advise the defendant of any of the R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing. However, the trial court had previously provided a summary of the notifications at the plea hearing, when it stated as follows:

> There's a presumption of release at the end of your minimum term which is not determined at this point. But whatever the minimum term is, the maximum would be no more than twelve. * * * There is a presumption that you will be released at the end of the minimum term. And that presumption can be overcome by the Department of Corrections if they can show that you have not behaved yourself appropriately[.] * * * But it's that you haven't complied with what you need to do as far as rehabilitation in prison. * * * [T]he Department of Corrections may reduce his minimum prison sentence between five percent and 15 percent for exceptional conduct. * * * That means * * * if you have very good conduct, then they can drop your sentence by as much as 15 percent. Drop the amount of time you serve. There's no guarantee that a request will be granted, but they can do that. If they recommend early release, then there's a rebuttable presumption for the Court to grant that request.

*Id.* at ¶ 3.

{¶15} We held that the failure to provide any of the R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing constituted a failure to comply with the statue, which required reversing and remanding so that the trial court could provide the required

- 5 -

notifications. *Id.* at ¶ 24, 25.  We also noted that the summary of the R.C. 2929.19(B)(2)(c) notifications provided by the court at the plea hearing did not provide all of the required notifications. *Id.* at ¶ 24, fn. 3.

{¶16}  While *Hodgkins* involved the *complete* failure to make any of the R.C. 2929.19(B)(2)(c) notifications at a sentencing hearing, we have also reversed and remanded for the purpose of providing the R.C. 2929.19(B)(2)(c) notifications in cases where the trial court provided *some but not all* of the required R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing.  For example, in *State v. Brown Suber*, 12th Dist. Butler No. CA2020-09-099, 2021-Ohio-2291, the trial court provided some of the required notifications but failed to notify the defendant that:

> (1) the DRC must hold a hearing to rebut the presumption that appellant would be released after serving his mandatory minimum sentence of 10 years; (2) the DRC could maintain his incarceration after the expiration of the minimum term for the length the DRC determines is reasonable, subject to his maximum penalty of 15 years; and (3) the DRC could maintain appellant's incarceration more than one time.

*Id.* at ¶ 17.  For this reason, we reversed and remanded for the trial court to provide the required notifications. *Id.* at ¶ 18.

{¶17}  In *Brown Suber* we cited *Hodgkins* in stating that a trial court must advise a defendant of "all" of the "five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing to fulfill the requirements of the statute."  *Id.* at ¶ 16.  We further explained that "[t]he failure to advise the defendant of *any* of the five notifications constitutes error and a remand for the limited purpose of permitting the sentencing court to provide the mandatory notifications required by R.C. 2929.19(B)(2)(c) is necessary."  (Emphasis added.)  *Id.*, citing *State v. Paul*, 12th Dist. Clinton No. CA2020-08-010, 2021-Ohio-1628, ¶ 22-23.

{¶18}  Likewise, in *State v. Roberson*, 12th Dist. Warren No. CA2021-01-003, 2021-Ohio-3705, the trial court notified the defendant about "the presumption of release upon the

completion of appellant's nine-year minimum term" and that "the DRC could rebut that presumption" and hold the defendant up to the maximum term, but we reversed and remanded because the trial court failed to notify the defendant of other required notifications. *Id.* at ¶ 48-49. Specifically, we noted that the trial court failed to notify the defendant that:

> the DRC must hold a hearing to rebut the presumption that he would be released after serving a minimum nine-year term; (2) the DRC may make specified determinations regarding his conduct while confined, his rehabilitation, his threat to society, his restrictive housing, if any, while confined, and his security classification in rebutting the presumption; (3) the DRC can maintain appellant's incarceration after the expiration of the minimum term for the length the DRC determines is reasonable, subject to his maximum penalty of 12 years; and (4) the DRC could maintain appellant's incarceration more than one time.

*Id. at ¶ 48.*

{¶19} Finally, in *State v. Lee*, 12th Dist. Warren No. CA2021-05-047, 2022-Ohio-248, we reversed and remanded because the trial court gave most of the required notifications but failed to notify the defendant that:

> the DRC must hold a hearing to rebut the presumption that he would be released after serving a minimum four-year term and that the DRC could make specified determinations regarding his conduct while confined, his rehabilitation, his threat to society, his restrictive housing, if any, while confined, and his security classification in rebutting the presumption.

*Id.* at ¶ 30.

{¶20} We now return to the case before us. Here, the trial court gave the following relevant admonition at the sentencing hearing:

> I want to advise you of certain things required by the statute. I'm going to give you these advisements in the language of the statute. If there's any questions about these advisements, I'll be glad to try to restate them.
>
> You're advised that there is a presumption of your release at the end of the minimum term, that the presumption is rebuttable by

the Department of Corrections, that the Department of Corrections has the authority to maintain incarceration through the end of the maximum term which is 4 1/2 years. Remember the minimum term is three years.

If the presumption of release is rebutted, the general grounds or criteria for the DRC to rebut the presumption is your failure to follow the rules that guide your conduct within the prison system.

No matter what, you will have to be released at the expiration of the maximum term.

{¶21} "While the trial court is not required to recite the statutory language verbatim in providing the notifications to the defendant at sentencing, the record must nonetheless reflect that each of the necessary notifications were provided." *Brown Suber*, 2021-Ohio-2291, at ¶ 17. *Accord Roberson*, 2021-Ohio-3705 at ¶ 48; *Lee*, 2022-Ohio-248 at ¶ 30. As discussed above, the statute imposes a mandatory duty to provide the defendant with all five R.C. 2929.19(B)(2)(c) notifications. Here, the court's summary did not provide Pope with all the required statutory notifications.

{¶22} Specifically, the trial court did not notify Pope of the hearing described in R.C. 2929.19(B)(2)(c)(ii) and (iii). The court also did not notify Pope of the requirement that the DRC make specific determinations at that hearing concerning the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, and the offender's security classification, as referenced in R.C. 2929.19(B)(2)(c)(ii). Finally, the court did not notify Pope of the DRC's ability to maintain his incarceration more than one time, as referenced in R.C. 2929.19(B)(2)(c)(iv). As described above, in other cases when these specific notifications were not provided at the sentencing hearing we have reversed and remanded so that the trial court could provide all of the required notifications. Likewise, the court's attempt here to summarize the statutory notifications failed to comply with the statute. *See Hodgkin*, 2021-Ohio-1353 at ¶ 24; *Brown Suber* at ¶ 17; *Roberson* at ¶ 48; *Lee* at ¶ 30.

{¶23} As such, Pope's sentence must be reversed, and this matter is remanded for the sole purpose of providing Pope with the required notifications as set forth in R.C. 2929.19(B)(2)(c). However, we emphasize that our reversal and remand are only for the purpose of complying with the foregoing statute and in no way affect the validity of the underlying conviction or any other aspect of the sentence imposed by the trial court. In other words, Pope is not entitled to be sentenced anew and the matter is remanded to the trial court for the sole and limited purpose of providing the mandatory notifications of R.C. 2929.19(B)(2)(c).

### III. Conclusion

{¶24} Pope failed to challenge his indefinite sentence under the Reagan Tokes Law and has forfeited that argument. However, the court's R.C. 2929.19(B)(2)(c) notifications failed to comply with the statute. The matter is remanded for purposes of providing the proper R.C. 2929.19(B)(2)(c) notifications.

{¶25} Judgment reversed and remanded.

S. POWELL, P.J., and HENDRICKSON, J., concur.