[Cite as *State v. Bradford*, 2022-Ohio-1503.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,      :

                                    Nos. 110907, 110908,

    v.                       :      110909, 110910, and
                                      110912

RICARDO M. BRADFORD A.K.A.        :
RICARDO RAY,

    Defendant-Appellant.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-03-442476-ZA, CR-03-443132-B, CR-03-445457-B,
CR-CR-04-451985-ZA, CR-04-455917-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

Robey & Robey and Gregory Scott Robey, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Ricardo M. Bradford ("Bradford") appeals the trial court's denial of his motion to withdraw guilty pleas in five cases involving numerous felonies. After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I.    Facts and Procedural History

{¶ 2} In August 2004, Bradford pled guilty to various felonies in five cases, and the court sentenced him to an aggregate term of 23 years in prison. Bradford did not file a direct appeal. In April 2006, Bradford filed a motion to withdraw his guilty plea in all five cases. The court denied Bradford's motions on May 16, 2006.

{¶ 3} From 2006 through 2011, Bradford filed no fewer than ten postconviction motions for various forms of relief including correcting the record, setting aside the conviction, and resentencing. The court either denied or did not rule on these motions.

{¶ 4} In August 2011, Bradford filed a motion to "dismiss all further proceedings," which the court denied.  In September 2011, the trial court resentenced Bradford to properly include postrelease control under *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. In 2012, this court affirmed the trial court's denial of Bradford's motion to "dismiss all further proceedings" and affirmed Bradford's convictions and prison sentence in the five underlying cases, including the court's jurisdiction to resentence Bradford to properly include postrelease control. *State v. Bradford*, 8th Dist. Cuyahoga No. 97283, 2012-Ohio-1058 ("*Bradford I*").

{¶ 5} On July 8, 2021, Bradford filed another motion to withdraw his guilty pleas in all five cases. The trial court denied these motions on September 22, 2021, and it is from this order that Bradford appeals raising two assignments of error:

> The trial court erred when it failed to hold a hearing on a motion to withdraw plea, where the accused demonstrated that his pleas were not made in a knowing, intelligent and voluntary fashion.

> The trial court erred when it failed to issue findings of fact and conclusions of law, where the record demonstrates that the plea was not made in a knowing, intelligent and voluntary fashion, that resulted in a manifest injustice.

{¶ 6} Within these two assignments of error, Bradford makes three sub-arguments. First, he argues that his plea was not made knowingly, intelligently, or voluntarily because "he was promised by his original lawyers that he would be eligible to file for judicial release after serving 13 years in prison (3 years of the gun specification and 10 years on the remaining 20 year prison term)."

{¶ 7} Second, Bradford argues that he "was originally promised a 20 year prison term, which improperly induced him to plead."

{¶ 8} Third, Bradford argues that had he been properly advised of postrelease control at the time of his plea, he would not have pled guilty.

## II. Res Judicata

{¶ 9} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject to the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). Res judicata "prevents repeated attacks on a final judgment and applies to issues that were or

might have been previously litigated." *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, citing *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421, ¶ 7.

{¶ 10} To the extent that Bradford's arguments could have been raised in a direct appeal after conviction and sentencing in 2004, which he did not file, or his first motion to withdraw his guilty pleas, these arguments are barred by the doctrine of res judicata. *See State v. Cain*, 6th Dist. Lucas No. L-20-1126, 2021-Ohio-1841, ¶ 12 (Defendant's "arguments, and the information upon which they rely, are based entirely on the record from the plea hearing and sentencing hearing, [which was] available to him at the time of a direct appeal, and his failure to raise those arguments on direct appeal precludes him from raising them * * * in a post-sentence motion to withdraw his guilty plea."). Bradford's argument that he was "promised" a 20-year sentence but was given a 23-year sentence," and this "improperly induced him to plead," could have been raised in a direct appeal. Additionally, Bradford's argument involving postrelease control is barred by res judicata in light of his appeal in *Bradford I*.

{¶ 11} Furthermore, even if res judicata did not bar Bradford's arguments in this appeal, as discussed in section III of this opinion, they fail on the merits as well.

**III. Withdrawal of Guilty Plea**

{¶ 12} Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and

permit the defendant to withdraw his or her plea." Ohio courts have held that "manifest injustice relates to some fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Wooden*, 10th Dist. Franklin No. 03AP-368, 2004-Ohio-588, ¶ 10. A defendant seeking to withdraw his or her plea has the burden of establishing manifest injustice. *Id*. "We review a trial court's ruling on a motion to withdraw a guilty plea for an abuse of discretion." *State v. Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, ¶ 7.

### A. Hearing

{¶ 13} A "trial court need not hold an evidentiary hearing on a postsentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief, and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." *State v. Brown*, 8th Dist. Cuyahoga No. 108063, 2019-Ohio-3773, ¶ 14.

### 1. Defense Counsel Promises

{¶ 14} This court has held that where the record does not show that the trial court promised a particular sentence and the defendant did not argue that the trial court failed to explain his rights on the record, "any promise made by counsel prior to the trial court's plea colloquy with [the defendant] would be vitiated and cannot be used to support the claim that the plea would not have been made." *State v. Simmons*, 8th Dist. Cuyahoga No. 94982, 2010-Ohio-6188, ¶ 13. *See also State v. Blatnik*, 17 Ohio App.3d 201, 203, 478 N.E.2d 1016 (6th Dist.1984) ("manifest

injustice, as contemplated by the rule [regarding motions to withdraw guilty pleas], does not *ipso facto* result from counsel's erroneous advice concerning the sentence that will be imposed"). (Emphasis sic.)

{¶ 15} In the case at hand, Bradford attached the following to his motion to withdraw plea: a partial transcript of his plea hearing; an affidavit from Dallene Wade stating that "Ricardo Ray * * * was advised by his lawyers * * * to take a plea deal and he would be out in 13 years on good behavior"; an affidavit from Antonese Jones stating that "Ricardo Ray * * * was advised by his lawyers * * * to take a plea deal and he would be out in 13 years on good behavior."

{¶ 16} Bradford additionally supplemented his motion to withdraw plea to include his affidavit, in which he states that "on the day of my plea deal/sentencing I was advised by my lawyers * * * to take a plea deal and I would be out in 13 years on good behavior." In this appeal, Bradford argues both (1) that "he was promised by his original lawyers that he would be eligible to file for judicial release after serving 13 years in prison (3 years of the gun specification and 10 years on the remaining 20 year prison term)," and (2) that he "was originally promised a 20 year prison term, which improperly induced him to plead." These arguments are inconsistent, with the first acknowledging a promised sentence of 23 years and the second claiming a promise of a 20-year sentence.

{¶ 17} Our review of Bradford's plea hearing transcript shows that nothing was stated on the record about 13 years or good behavior. Accordingly, the alleged "promise" that Bradford refers to was not part of his plea deal. In other words,

Bradford is not entitled to withdraw his plea under Crim.R. 32 based on this argument. Consequently, we find that Bradford failed to submit evidence that demonstrates manifest injustice.

### 2. Failure to Properly Impose Postrelease Control

{¶ 18} At Bradford's plea hearing in 2004, the court asked him the following: "It is the Court's understanding * * * that you would be looking at five years post * * * release control * * * . Do you understand that?" Bradford answered, "Yeah." The court then asked him, "Do you understand when sentenced to prison you can be subject to post release control for up to five years?" Bradford answered, "Yes."

{¶ 19} In the journal entry imposing Bradford's original sentence in 2004, the court stated that "post release control is part of this prison sentence for the maximum period allowed * * *." In the journal entry regarding Bradford's resentencing in 2011, the court imposed three years of postrelease control. This resentencing complied with *Fischer*, which required the imposition of postrelease control to include "the statutorily mandated term * * *." *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 1.

{¶ 20} In *State v. Richardson*, 8th Dist. Cuyahoga No. 97407, 2012-Ohio-2771, this court affirmed the trial court's denial of a motion to withdraw guilty plea based on the defendant's argument that, had the court properly imposed postrelease control, he would not have pled guilty.

> If the postrelease control portion of defendant's sentence was as critical to his decision to enter a guilty plea as he is now asserting, it logically follows that he would have inquired about it at that time. It is undisputed that defendant was repeatedly advised during his plea and

sentencing hearing that his sentence included a term of postrelease control. Although given the opportunity to question any portion or aspect of the plea, defendant told the court he understood it and had no questions.

Simply stating years after that fact that he would not have entered the plea had he been more thoroughly advised of postrelease control is not sufficient to satisfy the burden of proving the manifest injustice required in a post-sentence motion to withdraw the plea.

*Id.* at ¶ 24-25.

{¶ 21} Upon review, we follow *Richardson* and conclude that the court's improper advisement regarding postrelease control at Bradford's plea hearing cannot be the basis for withdrawing his plea 17 years later. We note that Bradford's argument is particularly unpersuasive given that the court initially told him he would be subject to postrelease control for up to five years, but at resentencing, the court imposed the proper term of three years' postrelease control.

{¶ 22} Therefore, the court did not err by failing to hold a hearing on Bradford's successive motion to withdraw guilty plea, and his first assignment of error is overruled.

**B. Findings of Fact and Conclusion of Law**

{¶ 23} "Crim.R. 32.1 does not require a court to issue findings of fact and conclusions of law when ruling on a motion to withdraw guilty plea." *State ex rel. Chavis v. Griffin*, 91 Ohio St.3d 50, 51, 741 N.E.2d 130 (2001). Accordingly, Bradford's second assignment of error is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR