[Cite as *State v. Bradley*, 2025-Ohio-2675.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 114281 |
| v. | : | |
| JOHN BRADLEY, JR., | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** July 31, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-655788-A, CR-21-657513-A, CR-21-657961-A, and
CR-21-658136-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Tasha L. Forchione, Assistant Prosecuting
Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Michael V. Wilhelm, Assistant Public Defender, *for
appellant*.

LISA B. FORBES, P.J.:

{¶ 1} Appellant John Bradley, Jr. ("Bradley") appeals from the trial court's

decisions denying his motions to withdraw his guilty pleas in four separate cases.

For the reasons that follow, we affirm in part, reverse in part, and remand to the trial court.

## I. Facts and Procedural History

{¶ 2} On August 13, 2021, Bradley entered guilty pleas to multiple charges across four separate cases: Cuyahoga C.P. Nos. CR-21-655788-A, CR-21-657513-A, CR-21-657961-A, and CR-21-658136-A. In CR-21-657961-A, the trial court sentenced Bradley under the Reagan Tokes Law to an indefinite prison term of seven to ten and one-half years for Count 1, felonious assault, a second-degree felony offense. The court also imposed a mandatory, consecutive one-year prison sentence for the accompanying firearm specification. For the remaining counts associated with that case and the counts concerning the other three cases, the court ordered concurrent sentences to run alongside the base term on Count 1 in CR-21-657961-A. As a result, Bradley received an aggregate sentence of 8 to 11.5 years, reflecting a possible 50 percent extension of the seven-year term on the felonious assault by the Adult Parole Authority under the Reagan Tokes Law.

{¶ 3} On direct appeal, Bradley challenged the constitutionality of the Reagan Tokes Law and argued his trial counsel was ineffective for failing to object to the imposition of his sentence under it. This court concluded the Reagan Tokes Law was constitutional and affirmed his convictions and sentence. *See State v. Bradley*, 2022-Ohio-1075 (8th Dist.) ("*Bradley I*").

{¶ 4} Bradley, acting pro se, filed an application to reopen his appeal. He argued that appellate counsel was ineffective for failing to challenge the trial court's

noncompliance with R.C. 2929.19(B)(2)(c), which requires trial courts to notify defendants at sentencing of the consequences of indeterminate sentencing under the Reagan Tokes Law. In August 2022, this court granted the application to reopen, vacated Bradley's sentence on Count 1 in CR-21-657961-A — the only count to which the Reagan Tokes Law's indefinite-sentencing structure would apply — and remanded the case for resentencing in accordance with the statutory notification requirements. *See State v. Bradley*, 2022-Ohio-2954 (8th Dist.) ("*Bradley II*").

{¶ 5} Before the resentencing hearing occurred, on December 8, 2022, Bradley filed a pro se motion to withdraw his guilty pleas in each of his four cases. Each motion was identical in form. In them, Bradley claimed that had he known how the Reagan Tokes Law applied to him on the felonious-assault charge contained in Count 1 of CR-21-657961-A, he would never have agreed to the plea deal. Bradley also alleged that his attorney had wrongly advised him that the prosecution had agreed to a two-year sentence.

{¶ 6} On December 13, 2022, the trial court conducted a limited resentencing hearing pursuant to this court's remand in *Bradley II*. During the hearing, the court provided Bradley with the statutorily required notifications concerning the indefinite nature of his sentence under the Reagan Tokes Law and again imposed an indefinite seven to ten and one-half year sentence on Count 1, felonious assault. The limited resentencing was upheld on direct appeal. *State v. Bradley*, 2023-Ohio-3630 (8th Dist.).

{¶ 7} Subsequently, the trial court ruled on Bradley's motions to withdraw his guilty pleas. In separate journal entries, the trial court denied each motion without holding a hearing.

{¶ 8} Bradley now raises the following single assignment of error: "The trial court erred in denying Mr. Bradley's motion to withdraw his guilty plea. Failing that, the Court should have at least conducted a hearing."

## II. Law and Analysis

{¶ 9} Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Trial courts are expected to "freely and liberally" permit the withdrawal of guilty pleas when such motions are made before sentencing. *See State v. Xie*, 62 Ohio St.3d 521, 527 (1992); *see also State v. Barnes,* 2022-Ohio-4486 (applying *Xie*, including the hearing requirement, when considering a presentence motion to withdraw a guilty plea). Nevertheless, "a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Xie* at 527. Therefore, when a presentence motion to withdraw is filed, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 10} Once a sentence has been imposed, however, a motion to withdraw need only be granted in order to correct a manifest injustice. *See id.* A "manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a

miscarriage of justice or is inconsistent with the demands of due process." *State v. Wooden*, 2004-Ohio-588, ¶ 10 (10th Dist.). Postsentence motions to withdraw a plea are generally granted only in rare and exceptional cases where this high threshold is met. *Id.* "The reason for such a high standard for granting a post-sentence motion to withdraw a guilty plea 'is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'" *State v. Clark*, 2010-Ohio-1491, ¶ 13 (11th Dist.), quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985). The burden of establishing a manifest injustice rests with the defendant. *See Wooden* at ¶ 10.

{¶ 11} Unlike a presentence motion to withdraw a guilty plea — which requires a hearing — "[a] trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea." *State v. Nicholson*, 2021-Ohio-2584, ¶ 20 (8th Dist.). A hearing is unnecessary when the record of the plea proceedings, including the Crim.R. 11 colloquy, demonstrates that the movant is not entitled to relief and the movant has failed to present evidentiary materials containing sufficient operative facts to support a claim of manifest injustice. *See State v. McElroy*, 2017-Ohio-1049, ¶ 31 (8th Dist.), citing *State v. Russ*, 2003-Ohio-1001, ¶ 12 (8th Dist.); *see also State v. Kapper*, 5 Ohio St.3d 36, 38 (1983); *State v. Geraci*, 2015-Ohio-2699, ¶ 10 (8th Dist.) ("The requisite showing of manifest injustice must be based on specific facts contained in the record or supplied through affidavits submitted with the motion.").

{¶ 12} "We review a trial court's ruling on a motion to withdraw a guilty plea for an abuse of discretion." *State v. Hines*, 2020-Ohio-663, ¶ 7 (8th Dist.). An abuse of discretion exists when the trial court's decision is "'unreasonable, arbitrary, or unconscionable.'" *State v. Lewis*, 2022-Ohio-70, ¶ 8 (8th Dist.), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Similarly, a trial court's decision not to hold a hearing on a postsentence motion to withdraw a guilty plea is reviewed under the same abuse-of-discretion standard.

{¶ 13} Bradley argues that, because he filed his motions to withdraw his guilty pleas before resentencing, they should be treated as presentence motions. As such, he contends the trial court was obligated to grant them freely and liberally, or at the very least, to hold a hearing on the motions. Upon review, we find that only Bradley's motion in CR-21-657961-A qualifies as a presentence motion to withdraw and even then, only with respect to Count 1 of that case.

{¶ 14} At the outset, we acknowledge that Ohio appellate courts have taken different approaches in addressing a trial court's failure to provide the advisements required by R.C. 2929.19(B). Some courts have remanded for de novo resentencing. *See, e.g., State v. Wolfe*, 2020-Ohio-5501 (5th Dist.); *State v. Dunn*, 2024-Ohio-4555, ¶ 7 (4th Dist.). Other courts, however, have affirmed the underlying sentence while remanding for the limited purpose of ensuring compliance with R.C. 2929.19(B). *See, e.g., State v. Pope*, 2022-Ohio-426, ¶ 23 (12th Dist.) (noting that "our reversal and remand are only for the purpose of complying with [R.C. 2929.19(B)(2)(c)] and in no way affect the validity of the underlying conviction

or any other aspect of the sentence imposed by the trial court . . . [the defendant] is not entitled to be sentenced anew").

{¶ 15} In adopting the latter position, this court explained that the "prudent approach" is to "remand [the] case for the sole purpose of providing [the defendant] with the notifications required by R.C. 2929.19(B)." *State v. Gates*, 2022-Ohio-1666, ¶ 27 (8th Dist.), citing to *Pope* at ¶ 23*; see also State v. Guzman*, 2022-Ohio-2414 (8th Dist.) (finding that the trial court failed to provide the required Reagan Tokes Law advisements and remanding "for the limited purpose of resentencing to provide the notification required by R.C. 2929.19(B)(2)(c)").

{¶ 16} In cases involving limited remands, where the trial court is instructed only to provide statutory notifications and the substantive sentence remains unchanged, Ohio courts have consistently treated subsequent motions to withdraw a guilty plea as postsentence motions, requiring a showing of manifest injustice. *See, e.g., State v. Jackson*, 2012-Ohio-4280, ¶ 11-12, 16 (8th Dist.); *State v. Beachum*, 2012-Ohio-285, ¶ 21 (6th Dist.); *State v. Hazel*, 2011-Ohio-4427, ¶ 12, 15-17 (10th Dist.); *State v. Thomas*, 2011-Ohio-1331, ¶ 16 (1st Dist.); *State v. Christie*, 2011-Ohio-520, ¶ 25 (3d Dist.).

{¶ 17} However, that is not what occurred in this case. In *Bradley II*, this court did not merely remand for the trial court to provide the notifications required by R.C. 2929.19(B)(2)(c); rather, the court *vacated* Bradley's sentence on Count 1 — specifically the seven-year base term for the felonious-assault offense — despite

relying on *Gates* and *Guzman*.[1]  With that term vacated, there was no substantive prison sentence on Count 1 until resentencing occurred.  *See State v. Harper*, 2020-Ohio-2913, ¶ 4 (When a trial court has subject matter jurisdiction, any error in the exercise of that jurisdiction renders the judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal.).  Accordingly, based on the unique facts and circumstances of this case, we are constrained to consider Bradley's motion to withdraw his guilty plea as to Count 1 as a *presentence* motion.  (Emphasis added.)  *See State v. Ziefle*, 2007-Ohio-5621, ¶ 8 (11th Dist.) (When an appellate court reverses and vacates a sentence, the original sentence is rendered void as if there had been no original sentence.).

{¶ 18} As a presentence motion, Bradley was entitled to a hearing on his motion to withdraw.  *See Xie*, 62 Ohio St.3d at 527.  Accordingly, we reverse the trial court's denial of Bradley's motion to withdraw his guilty plea as it relates to Count 1 in CR-21-657961-A and remand for a hearing on the motion.

{¶ 19} With respect to Bradley's remaining motions in cases CR-21-655788-A, CR-21-657513-A, CR-21-658136-A, and CR-21-657961-A (as to all counts except Count 1), we find that these constitute postsentence motions to withdraw, because

---

[1] This court has recognized that a trial court has no authority to alter or disregard the scope of a remand order issued by a reviewing court.  *See, e.g., State v. Bronston*, 2012-Ohio-2631, ¶ 4 (8th Dist.) ("Trial courts have no authority to extend the scope of remand limited by a mandate of this court."); *State v. Anthony*, 2018-Ohio-2050, ¶ 7 (8th Dist.) ("A trial court must follow a mandate from a reviewing court.").  S*ee also* App.R. 27 ("A court of appeals may remand its final decrees, judgments, or orders . . . to the court . . . below for specific or general execution thereof, or to the court below for further proceedings therein.").

the sentences were not vacated on direct appeal. The trial court does not abuse its discretion in denying a postsentence motion to withdraw without holding a hearing where the movant fails to submit evidentiary materials in support of the motion and the record otherwise does not show that the movant is entitled to relief. *See e.g., McElroy*, 2017-Ohio-1049, at ¶ 31.

{¶ 20} In this case, the trial court did not abuse its discretion in denying Bradley's motions without conducting a hearing because there was no preliminary showing of manifest injustice sufficient to support a hearing. Bradley's motion to withdraw contained only bare allegations, unsupported by evidence, that his trial counsel improperly advised him about his sentencing exposure. Bradley failed to submit any evidentiary materials to substantiate his claims; he neither attached a sworn affidavit attesting to the underlying facts nor provided any other supporting documentation.

{¶ 21} In addition, the record affirmatively contradicts Bradley's contention that he was unaware of the applicability of the Reagan Tokes Law to the felonious-assault charge contained in Count 1 or that he was expecting to receive an agreed-upon two-year sentence. The transcript of the plea hearing reflects that the trial court conducted a full Crim.R. 11 colloquy and informed Bradley that Count 1 carried a mandatory sentence, that the one-year firearm specification had to be served consecutively, and that Count 1 was subject to indefinite sentencing under the Reagan Tokes Law. The following exchange between the trial court and Bradley,

pertaining to Count 1 of CR-21-657961-A, is documented in the transcript of the plea

hearing:

> THE COURT: Now, I need you to really pay attention to this part, okay? Now we're going to talk about the count that makes your sentence mandatory for prison. My understanding is you're going to be pleading to amended Count 1, felonious assault, a felony of the second degree with a one-year firearm specification. The one-year firearm specification has to be served prior to and consecutive to the felonious assault; do you understand that? So it's one year plus whatever you get on the felonious assault.
>
> There are certain things that I have to read into the record. I'm going to read that into the record now, and I'm going to explain it to you.
>
> This count falls under the new sentencing guidelines, Senate Bill 201, which is also called the Reagan Tokes Law . . . . The sentencing judge, which is me, shall impose a minimum term from within the currently established sentencing range. The currently established sentencing range is 2 to 8 years. So I would have to take a number between 2 and 8 as your minimum sentence, and then I have to determine a maximum range. And how we get to the maximum range is taking an additional 50 percent of the minimum term imposed and tacking that on as the range. So like [the prosecutor] stated, if I sentenced you to two years own the felonious assault, I would divide by two, so half of two, and add that as the range. So 2 to 3 years. If I sentenced you to 4 years, 4 plus 2 is 6. So your sentence would be 4 to 6 years, and so on. If I sentenced you to the maximum 8 years, 8 plus 4 is 12, your sentence would be 8 to 12 years, okay?
>
> Release is presumed to occur once you served the minimum term, the first number, however the Department of Rehabilitation and Correction may, under certain circumstances, rebut that release presumption and impose additional prison time up to the maximum term. Why would they do that? They do that in cases where an inmate is unruly; doesn't follow instructions; doesn't take the programming that's available; causes and wreaks havoc in the prison. The Department of Rehabilitation and Correction has now been given the authority to make a determination that that inmate may not be ready to re-enter the community; to come back into society they're not rehabilitated . . . . Do you understand?

THE DEFENDANT: (Nodding in the affirmative.)

THE COURT: Senate Bill 201 went in effect on March 27, 2019 and applies to all non-life felonies of the first and second degree that occurred on or after that effective date. That's the only count in the ones that you're pleading to that falls under the Reagan Tokes Law. But it kind of determines everything else, because that's the highest count, that's the mandatory time. Why is it mandatory time? Because of the firearm specification, okay? Do you have any questions about that?

THE DEFENDANT: No, ma'am.

{¶ 22} Thus, the transcript shows that Bradley acknowledged his understanding that the Reagan Tokes Law would apply on Count 1. It also indicates that he did not raise any questions or objections regarding the trial court's advisement on the application of the Reagan Tokes Law to Count 1 or the explanation of the potential length of his sentence.

{¶ 23} Moreover, during the plea colloquy, Bradley confirmed that he was not induced or threatened into entering a guilty plea and that he was satisfied with the representation provided by his trial counsel.

{¶ 24} Accordingly, since Bradley failed to provide evidentiary support for his allegations that counsel misinformed him about the potential length of his sentence and the record otherwise demonstrates what appears to be a knowing, voluntary, and intelligent plea, the trial court did not abuse its discretion in denying Bradley's postsentence motions to withdraw his guilty pleas in CR-21-655788-A, CR-21-657513-A, CR-21-658136-A, and CR-21-657961-A (as to all counts except Count 1).

## III. Conclusion

{¶ 25} Because Bradley's sentence on Count 1 was vacated on appeal rather than affirmed and remanded solely for the R.C. 2929.19(B)(2)(c) notifications, we must conclude that the trial court abused its discretion by denying Bradley's motion to withdraw his guilty plea as to Count 1 in CR-21-657961-A without first holding a hearing. Accordingly, based on the unique facts and circumstances of this case, we reverse the trial court's judgment on that issue and remand the matter for a hearing. We find no abuse of discretion, however, in the trial court's denial of Bradley's remaining motions to withdraw. Appellant's sole assignment of error is sustained in part and overruled in part.

{¶ 26} Judgment affirmed in part and reversed in part, and the cause is remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MICHAEL JOHN RYAN, J., CONCUR